IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>         Plaintiff/Respondent,<br><br>vs.<br><br>Kingsley Lloyd Bowen,<br><br>         Defendant/Movant. | No. CR 09-679-PHX-SRB<br>No. CV 12-1656-PHX-SRB (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This case is before the Court on Defendant Kingsley Lloyd Bowen's ("Movant") *pro se* Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Doc. 1[1]) The United States ("Respondent") has filed a Response and Movant has filed a Reply. (Docs. 7-8)

**I. Background**

   **A. Indictment, Trial and Sentencing**

On December 15, 2009, a grand jury issued a Second Superseding Indictment (the "Indictment") against Movant and three co-defendants. (CR doc. 109) The Indictment charged Movant with Conspiracy to Possess Marijuana with Intent to Distribute in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(vii) (Count 1); Conspiracy to Launder

---

   [1] Citations to "CR doc. ___" are to the record in the underlying criminal matter, CR-09-679-PHX-SRB. Citations to "Doc. ___" or "doc. ___" are to the record in CV-12-1656-PHX-SRB (LOA), the civil case opened upon the filing of the Motion to Vacate.

Monetary Instruments in violation of 18 U.S.C. § 1956(h) (Count 3); Conspiracy to Destroy or Remove Property to Prevent Seizure in violation of 18 U.S.C. § 371 (Count 5); and Destruction or Removal of Property to Prevent Seizure in violation of 18 U.S.C. § 2232(a) (Count 6). (*Id.*) Following a jury trial in June 2010, Movant was found guilty of all four charges. (CR doc. 228)  Pursuant to the guilty verdicts, the Hon. Susan R. Bolton, United States District Judge, on November 15, 2010, entered Judgment of guilt against Movant and sentenced him to prison terms of 156 months each on Counts 1 and 3, and 60 months each on Counts 5 and 6, all to run concurrently. (CR doc. 319) The District Judge also imposed five years of supervised release to commence upon Movant's release from prison. (*Id.*)

**B. Direct Appeal**

Movant filed a Notice of Appeal on November 22, 2010. (CR doc. 327) Soon thereafter, Movant's retained trial attorneys withdrew from representation and the District Judge appointed counsel to represent Movant for the appeal. (CR doc. 331) On April 24, 2012, the United States Court of Appeals for the Ninth Circuit issued a memorandum decision in which it affirmed Movant's convictions and sentences. (CR doc. 354-1) The Ninth Circuit Court determined there was no abuse of discretion when the District Judge denied Movant's motion to continue the sentencing hearing for the purpose of analyzing an error in one of the Government's exhibits relating to the quantity of marijuana involved. (*Id.*) The Court further found the District Judge did not abuse her discretion by declining to construe the motion to continue the sentencing as a motion for a new trial. (*Id.*) Movant did not file a petition for writ of certiorari to the U.S. Supreme Court. (Doc. 1 at 2)

**C. Motion to Vacate**

On August 3, 2012, Movant filed his Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. 1)  He alleges four grounds for relief: (1) that he was provided inadequate notice of the charges against him when the grand jury failed to include in the Indictment the identity of the controlled substance at issue, and his lawyer provided ineffective assistance of counsel when he failed to object to Movant's inability to defend himself against this sentencing factor; (2) that his lawyer provided ineffective assistance of

- 2 -

counsel by failing to object to the fact that the jury was not required to determine beyond a reasonable doubt the type of drug at issue; (3) that his lawyer provided ineffective assistance of counsel by failing to object to the presentence report and request a variance from the applicable United States Sentencing Guidelines ("Guidelines") range; and (4) that his lawyer provided ineffective assistance of counsel by failing to propose a *Pinkerton*[2] jury instruction regarding conspiracy liability. (*Id.*) Respondent filed a Response to Defendant's Motion to Vacate on December 21, 2012. (Doc. 7) Movant then filed a Reply on February 8, 2013. (Doc. 8)

**II. DISCUSSION**

Respondent argues in the Response that none of Movant's four ineffective assistance of counsel claims has merit. Respondent requests, therefore, that the Motion to Vacate be denied.

**A. Legal Standards for Ineffective Assistance of Counsel Claims**

The two-prong test for ineffective assistance of counsel was established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a convicted defendant must show that counsel's performance was objectively deficient and that counsel's deficient performance prejudiced the petitioner. *Id.* at 687. To be deficient, counsel's performance must fall "outside the wide range of professionally competent assistance." *Id.* at 690. When reviewing counsel's performance, the court engages a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. *Id.* "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Review of counsel's performance is "extremely limited." *Coleman v. Calderon*, 150 F.3d 1105, 1113 (9th Cir. 1998), *rev'd on other grounds*, 525 U.S. 141 (1998). Acts or

---

[2] *Pinkerton v. United States*, 328 U.S. 640 (1946).

- 3 -

omissions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel. *Strickland*, 466 U.S. at 689.

In addition to showing counsel's deficient performance, a petitioner must establish that he suffered prejudice as a result of that deficient performance. *Id.* at 691-92. To show prejudice, a petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *Hart v. Gomez*, 174 F.3d 1067, 1069 (9th Cir. 1999); *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998). The prejudice component "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). It is not enough to merely show "that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693.

A court is not required to determine if counsel's performance was deficient before considering the prejudice issue. *Id.* at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

**1. Ground One**

Movant alleges in Ground One that "[t]he grand jury did not include the identity of the controlled substance, as an element of the 21 U.S.C. § 846 offense, when it indicted the [Movant]." (Doc. 1 at 18)  Movant contends his trial counsel was "ineffective for not objecting to [Movant's] inability to defend himself" against the use of this sentencing factor to enhance his sentencing range. (*Id.*)

Movant's attempt to explain his claim in Ground One is vague at best. (*Id.*) For example, Movant alleges the trial court and Respondent "constructive[ly] amend[ed]" the Indictment by giving "the identity of the controlled substance the element effect." (*Id.* at 21) Movant concedes "that the wording of the charging document was not literally amended," but contends it was somehow "constructively amended." (*Id.*) He claims his counsel was

ineffective for failing to "object to the constructive amendment." (*Id.* at 22) He states that counsel's failure to object prejudiced his ability "to defend himself against a sentencing factor that was clearly not an element, but was given the effect of one, after the grand jury found its indictment." (*Id.*)

Movant fails to clearly explain precisely how the trial court and Respondent "constructively amended" the Indictment such that his counsel should have objected. The controlling Indictment in this case clearly identifies in Count 1 the type of drug at issue, *viz.* marijuana. (*See* CR doc. 109 at 2) Count 1 alleges Movant, and his three co-defendants, conspired "to possess 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance." Thus, the Second Superceding Indictment placed Movant on notice of the type of drug involved in this case. His contention that the grand jury failed to include in the Indictment the identity of the controlled substance appears to be based on an erroneous understanding of what the Indictment alleged.

Movant is correct that the drug type is not a formal element of the offense set out in 21 U.S.C. § 841, which prohibits, among other things, possession with intent to distribute a controlled substance.[3] *See United States v. Hunt*, 656 F.3d 906, 912 (9th Cir. 2011) ("We have held, however, that drug quantity and type are not formal elements of the offenses set out in 21 U.S.C. § 841.") Although drug type and quantity are not formal elements, "[w]e honor the intent of Congress and the requirements of due process by treating drug quantity and type, which fix the maximum sentence for a conviction, as we would any other material fact in a criminal prosecution: it must be charged in the indictment, submitted to the jury, subject to the rules of evidence, and proved beyond a reasonable doubt." *United States v. Buckland*, 289 F.3d 558, 568 (9th Cir. 2002).

---

[3] Movant mistakenly asserts that the grand jury failed to include the identity of the controlled substance as an element of 21 U.S.C. § 846, which is the conspiracy statute. Movant presumably meant 21 U.S.C. § 841, the statute that prohibits possession with intent to distribute a controlled substance.

- 5 -

Here, the undersigned Magistrate Judge finds no error in how the possession-with-intent-to-distribute offense was charged in the controlling Indictment and, in turn, there is no basis for an ineffective assistance of counsel claim on this issue. As required by *Buckland*, the quantity and type of drug at issue were properly identified in the Indictment. Movant's contention that his trial counsel should have objected to an alleged "constructive amendment" to the Indictment is without merit. Movant has, therefore, not demonstrated deficient performance by his trial counsel for failing to challenge the Second Superceding Indictment with respect to identification of drug type. As a result, the prejudice prong of this ineffective assistance claim need not be addressed. For these reasons, the undersigned Magistrate Judge will recommend that Ground One be denied.

**2. Ground Two**

Movant alleges in Ground Two that the jury in his case was instructed to determine only whether the elements of the conspiracy offense had been established and that such elements did not include the type of drug at issue. Movant contends his trial counsel was ineffective for failing to object to the fact the jury was not required to determine the drug type beyond a reasonable doubt.

Like his claim in Ground One, Movant's claim in Ground Two again appears to be based on an incorrect understanding of what was in the jury instructions and what the jury found through its verdict. As explained in the previous section, although the drug type and quantity are not technically elements of possession with intent to distribute a controlled substance under 21 U.S.C. § 841, both "must be charged in the indictment, submitted to the jury, subject to the rules of evidence, and proved beyond a reasonable doubt." *Buckland*, 289 F.3d at 568.

Contrary to Movant's contention, the drug type was submitted to the jury. The District Judge instructed the jury that in order to find Movant guilty of conspiring to possess marijuana with intent to distribute, Respondent was required to prove beyond a reasonable doubt that during the relevant time frame, "there was an agreement between two or more persons to commit the crime of Possession of Marijuana with Intent to Distribute." (Doc. 7,

Attach. B at 21-22) Likewise, the relevant verdict form shows the jury found Movant guilty of Conspiracy to Possess Marijuana with Intent to Distribute. (Doc. 7, Attach. C at 3) The same verdict form further reflects the jury found "beyond a reasonable doubt that the amount of the marijuana involved in the conspiracy was . . . 1000 kilograms or more." (*Id.*) Thus, the trial record shows the jury was required to determine the type of drug at issue in that it had to find beyond a reasonable doubt that Movant conspired to possess marijuana with the intent to distribute, which it did.

Movant's contention that the type of drug at issue was not properly before the jury and not properly found beyond a reasonable doubt is without merit. Consequently, Movant's claim that his trial counsel provided ineffective assistance when he failed to raise this issue is also without merit. To the extent Movant is claiming a more explicit jury finding was required, like the specific finding made by the jury regarding the quantity of marijuana, Movant presents nothing to suggest the type of drug was a disputed issue. Even if counsel had requested and obtained a more specific verdict form as to the type of drug at issue, Movant has not shown a reasonable probability that the result would have been different. Thus, when claiming his counsel was ineffective for failing to raise this issue, Movant can show no prejudice resulting from his counsel's failure to request a more specific verdict form regarding the type of drug. For these reasons, the undersigned Magistrate Judge will recommend that Movant's claim in Ground Two be denied.

**3. Ground Three**

Next, Movant alleges his trial counsel failed to object to the presentence report and request a variance from the applicable Guidelines range. (Doc. 1 at 28) Movant contends that after examining the presentence report, Movant instructed his counsel to make specific objections regarding the Guidelines. He claims counsel's failure to make these objections constitutes ineffective assistance. Specifically, Movant claims he wanted his counsel to object "based on the United States Sentencing Commission's failure to take into account the empirical data and national experience when it made the guidelines for trafficking offenses." (*Id.* at 29) (citing *Kimbrough v. United States*, 552 U.S. 89, 109 (2007)) Movant references

a 2004 report regarding the Federal Sentencing Guidelines which states "73.7 percent of district court judges and 82.7 percent of circuit court judges [rate] drug punishments as greater than appropriate to reflect the seriousness of drug trafficking offenses." (*Id.* at 29-30) (citing *United States v. Matos*, 589 F.Supp.2d 121, 140-141 (D. Mass. 2008) (quoting *United States Sentencing Commission, Fifteen Years of Guidelines Sentencing: An Asssessment of How Well the Federal Criminal Justice System is Achieving the Goals of Sentencing Reform 52* (2004))  Movant claims his counsel should have brought this information to the District Judge's attention.

As Judge Bolton stated during the sentencing hearing in this matter, the Guidelines suggested a sentence of thirty years to life in prison based on Movant's offense level and criminal history category. (Doc. 7, Attach. E at 21) Judge Bolton also explained that the mandatory minimum sentence for Movant was ten years in prison. (*Id.* at 22)

Movant's counsel filed Objections to the Presentence Report and a Sentencing Memorandum. (CR docs. 301-302) In these filings, Movant's counsel challenged the presentence report writer's offense level determinations and argued for a significant downward departure based primarily on Movant's advanced age and poor health. (*Id.*) Counsel argued at the sentencing hearing that a sentence of no more than the mandatory minimum was appropriate. (Doc. 7, Attach. E at 19)  Thus, even though counsel did not urge the objection and variance Movant claims he asked his counsel to raise, counsel challenged the offense level adjustments in the presentence report and argued for a significant downward departure and lesser sentence.

As noted above, District Judge Bolton sentenced Movant to 156 months, or thirteen years, in prison. (Doc. 7, Attach. E at 23) The District Judge explained at length the considerations that went into her sentencing decision, including the importance of avoiding sentencing disparities with the three co-defendants, all of whom were sentenced before Movant. (Doc. 7, Attach. E at 22-23) The sentencing Judge explained that, in her view, three years above the mandatory minimum reflects the seriousness of the offense Movant committed and may deter others from similar conduct. (*Id.*)

The undersigned Magistrate Judge finds Movant has failed to show a reasonable probability that, but for counsel's alleged failure to raise Movant's requested objection to the Guidelines and sentencing variance, the result of the proceeding would have been different. As it was, Judge Bolton departed substantially downward from the advisory Guideline range of 30 years to life and imposed a prison sentence only three years above the mandatory statutory minimum. Despite his conclusory claim that his sentence would have been different "if it wasn't (sic) for counsel's unprofessional performance," doc. 1 at 30, Movant has made no showing that the sentencing Judge would likely have departed further downward had his lawyer argued the Guidelines are unfair when applied to drug trafficking offenses or the sentencing Judge even had the sentencing discretion to impose a sentence below the statutory minimum based upon the jury's findings. In light of Movant's failure to make any showing of prejudice, the undersigned Magistrate Judge will recommend that the ineffective assistance claim in Ground Three be denied.

**4. Ground Four**

Lastly, Movant alleges his lawyer provided ineffective assistance by failing to propose a *Pinkerton* jury instruction regarding conspiracy liability and agreeing with Respondent to eliminate such an instruction. (Doc. 1 at 31) Movant argues that "a conspirator is not liable for substantive conduct committed by his co-conspirators before he joined the conspiracy." (Doc. 1 at 33) (citing *United States v. Lothian*, 976 F.2d 1257, 1262 (9th Cir. 1992) and *United States v. Silvestri*, 409 F.3d 1311, 1335 (11th Cir. 2005)). He argues the jury should have been so instructed. Movant claims Respondent failed to present evidence at trial showing Movant was involved in the entire conspiracy. (*Id.* at 34) He contends that without a proper instruction, the jury was denied the opportunity to make an independent evaluation of his role and whether he should be liable for conduct that occurred before he joined the conspiracy. (*Id.* at 33-34) Although Movant was charged with three different conspiracy offenses, and one substantive offense, his argument in Ground Four is clearly directed to the charge of Conspiracy to Possess Marijuana with Intent to Distribute in Count 1. (*Id.*)

As Respondent argues in the Response, the District Judge stated at the sentencing

hearing that the evidence in this case showed Movant's "long-term involvement in the conspiracy." (Doc. 7, Attach. E at 15) Judge Bolton further stated that "the evidence at trial reflected [Movant's] involvement, in particular with the money laundering activities, going back long before [June 2009] with his name on the accounts, deposits in his handwriting." (*Id.*) Similarly, the prosecutor asserted at the sentencing hearing that the record showed Movant became involved with the drug trafficking organization in its earliest days, in that he started forming shell companies in late 2007, and started making cash deposits into his personal bank account at that time. (*Id.*)

Thus, based on evidence establishing Movant was involved in the conspiracy from the beginning, it is unlikely the District Judge would have given an instruction regarding non-liability for substantive offenses committed before joining the conspiracy. Even if Judge Bolton would have given such an instruction, Movant has not made a sufficient showing it would have made any difference in light of the evidence showing Movant's long-term involvement in the conspiracy. For these reasons, the undersigned Magistrate Judge finds Ground Four should be denied because Movant has failed to establish a claim of ineffective assistance based on counsel's failure to request a *Pinkerton* jury instruction.

### B. Evidentiary Hearing

Movant includes in his Motion to Vacate a request that an evidentiary hearing be held in this matter. (Doc. 1 at 36) Title 28 U.S.C. § 2255 provides that a court shall grant a hearing to determine the issues "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief...." As explained above, neither the record nor the information submitted by Movant provide support for Movant's claims. The record and information provided conclusively show Movant suffered no prejudice from his trial counsel's alleged deficient performance. For these reasons, an evidentiary hearing is not warranted here.

Accordingly,

**IT IS RECOMMENDED** that Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, doc. 1, be **DENIED**.

**IT IS FURTHER RECOMMENDED** t hat a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because Movant has not made a substantial showing of the denial of a constitutional right.

This report and recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.  The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.

DATED this 3rd day of September, 2013.

Lawrence O. Anderson
United States Magistrate Judge