NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America. | No. CV-12-01656-PHX-SRB |
| Plaintiff/Respondent | CR-09-00679-3PHX-SRB |
| v. | **ORDER** |
| Kingsley Lloyd Bowen, | |
| Defendant/Movant. | |

Movant Kingsley Lloyd Bowen filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on August 3, 2012, alleging four grounds for relief.  Movant claims that he was provided inadequate notice of the charges against him because the Indictment failed to identify the controlled substance at issue and his lawyer provided ineffective assistance of counsel when he failed to object.  Movant also claims that his lawyer provided ineffective assistance of counsel by failing to object when the jury was not required to determine beyond a reasonable doubt the type of drug at issue.  In his third ground Movant alleges ineffective assistance of counsel because counsel failed to object to the presentence report and request a variance from the United States Sentencing Guidelines.  Finally, Movant alleges that his lawyer provided ineffective assistance of counsel by failing to propose a *Pinkerton* jury instruction regarding conspiracy liability. The Government filed a response to the Motion, and Movant filed a reply.

On September 3, 2013, the Magistrate Judge issued his Report and Recommendation. The Magistrate Judge noted that the type of drug at issue was identified in Count 1 of the Indictment as marijuana, and it was alleged that Movant conspired to possess 1,000 kilograms or more.  The Magistrate Judge concluded that the contention that the Grand Jury failed to include the identity of the controlled substance appears to be based on Movant's erroneous understanding of what the Indictment alleges. Because the Indictment did identify the drug at issue, the Magistrate Judge concluded that this claim for ineffective assistance of counsel was without merit.

The Magistrate Judge found that, contrary to Movant's contention, the drug type and quantity was submitted to the jury.  The jury was specifically instructed that in order to find Movant guilty the government was required to prove beyond a reasonable doubt that there was a conspiracy between two or more people to commit the crime of Possession of Marijuana With Intent to Distribute and the verdict form required the jury to determine the quantity of marijuana. The jury found beyond a reasonable doubt that the amount of marijuana involved in the conspiracy was 1,000 kilograms or more. Because Movant is wrong in his contention that the type and quantity of the drug at issue was not properly before the jury, the Magistrate Judge found his claim that counsel was ineffective by failing to raise this issue to be without merit.

Movant also claims his trial counsel was ineffective because he failed to object to the presentence report and request a variance from the calculated guideline range.  The calculated guideline range for Movant was 30 years to life in prison based on his offense level and criminal history category.  The mandatory minimum was ten years in prison. The sentence imposed was 13 years in prison.  Counsel did file objections to the presentence report and filed a sentencing memorandum.  Counsel challenged the offense level determinations and requested a downward departure.  Counsel argued at sentencing that no more than the mandatory minimum was appropriate.  While counsel did not urge the specific objection and variance Movant now claims he asked counsel to raise, counsel did successfully advocate for a substantially reduced sentence from the guidelines

1    recommended sentence.  The Magistrate Judge concluded that Movant had failed to show

2    a reasonable probability that but for counsel's alleged failure to raise the specific

3    objections that Movant now argues the result of the proceeding would have been

4    different.

5        Movant also alleged his lawyer was ineffective by failing to propose a *Pinkerton*

6    jury instruction regarding conspiracy liability and agreeing with Respondent to eliminate

7    such an instruction.  He claims that the jury was denied the opportunity to make an

8    independent evaluation of his role and whether he should be held liable for conduct that

9    occurred before he joined the conspiracy.  The Magistrate Judge interpreted the argument

10   to be directed only to the charge of Conspiracy to Possess Marijuana With the Intent to

11   Distribute as charged in Count 1 of the Indictment.  As the Magistrate Judge noted, the

12   evidence at trial showed that Movant was involved in the conspiracy from the beginning.

13   Therefore the Magistrate Judge concluded it was unlikely that an instruction of non-

14   liability for substantive offenses committed before joining the conspiracy would have be

15   given and even if such an instruction had been given, Movant had not made a sufficient

16   showing that it would have made any difference in light of the evidence showing his

17   long-term involvement in the conspiracy.

18       Movant filed timely objections on November 12, 2013. With respect to his first

19   ground, Movant attempts to explain that the quantity of drugs attributed to him was not

20   proven beyond a reasonable doubt because the total amount of drugs involved in the

21   conspiracy was based on estimates by different law enforcement agencies and that the

22   jury rather than the Court should have decided the amount. He also argues that his

23   counsel was ineffective because he should have been more zealous in fighting to lower

24   the weights since different government agencies determined or estimated different

25   amounts.

26       The objection is overruled.  In his motion Movant claimed that the identity of the

27   controlled substances issue was not included in the Indictment when, in fact, it was.  His

28   objection does not address the issue raised in his motion or the Magistrate Judge's

findings and conclusions on this claim.

In his objection to the recommendation for denying relief on his second claim, Movant states that his lawyer should have argued that Movant had nothing to do with the actual drug conspiracy, that his lawyer could have litigated with a better strategy, and that he should have claimed Movant was an unwilling or unknowing participant in only money laundering.  But in his motion Movant described his second claim as follows:

> During petitioner's trial, the jury was instructed to find Congressionally mandated elements in 21 U.S.C. § 846 (which excluded any drug type).  No special verdict form was given, providing any Apprendi rights to drug type.  The jury was never asked to find, nor unanimously found, the drug type beyond a reasonable doubt.

Movant is simply wrong.  The jury was instructed that the government had to prove beyond a reasonable doubt that the defendant was involved in a Conspiracy to Possess With the Intent to Distribute Marijuana. The jury was also instructed and found the quantity of marijuana involved in the conspiracy of which Movant was a part to have involved 1000 kilograms or more.  The objection is overruled.

In his objection Movant provides the Court with a guideline calculation resulting in a sentencing range of 70-87 months with a safety-valve adjustment and 97-121 without one.  Any alleged errors in the calculation of the advisory guideline range was an issue for appeal and not for a post-conviction Motion to Vacate, Set Aside or Correct Sentence. The United States Court of Appeals for the Ninth Circuit has affirmed Movant's conviction and sentence.

In Movant's motion he asserted that his counsel had not objected to the presentence report, and his counsel had not a requested a variance from the applicable guideline range.  As the Magistrate Judge points out, this is not so.  Moreover, the assertion in his motion was that Movant had instructed counsel to make certain specific objections which were not made and that the United States Sentencing Commission failed to take into account certain empirical data and national experience in the guidelines for trafficking offense. Movant's objection now is about a specific calculation he believes

1    was applicable.  His objection is not related to what the Magistrate Judge found nor is it
2    related to the ground he raised in his motion.  The objection is overruled.

3        Movant's final objection states that his counsel was ineffective because he did not
4    request a lesser-included offense instruction or a *Pinkerton* instruction.  This argument
5    about a lesser-included offense instruction was not raised in the motion.  The issue
6    described in the motion related only to claimed ineffective assistance of counsel in not
7    requesting a *Pinkerton* instruction which, according to Movant, would inform the jury
8    "about unliability of co-conspirators actions before he joined the conspiracy."  The
9    lesser-included instruction that Movant now claims should have been sought is not
10   described.  In his objections Movant argues that had counsel requested a *Pinkerton* or
11   lesser-included offense instruction "the petitioner might have be found not guilty on the
12   instant offenses or guilty to a less crime of money laundering only."

13       In his objections Movant also attempts to raise new claims of ineffective
14   assistance of counsel which he describes as counsel failing to bring up "the authenticity
15   of the witnesses."  It is not clear to the Court what "authenticity of the witnesses" means
16   but it is clear to the Court that Movant cannot raise whatever this claim is at this time.
17   Movant also suggests that during sentencing a document was submitted that should not
18   have been used to estimate narcotic weights in this case.  This new issue cannot be raised
19   for the first time in this objection.

20       Based both on the analysis of the Magistrate Judge and this Court's knowledge of
21   the evidence at trial the instruction that Movant claims his lawyer should have requested
22   has not been shown to have likely made any difference in the verdict.

23       IT IS ORDERED overruling the Objections to the Report and Recommendation of
24   the Magistrate Judge. (Doc. 14)

25       IT IS FURTHER ORDERED adopting the Report and Recommendation of the
26   Magistrate Judge as the Order of this Court. (Doc. 11)

27       IT IS FURTHER ORDERED that Movant's Motion to Vacate, Set Aside or
28   Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 is denied.

(Doc. 1)

IT IS FURTHER ORDERED that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal is denied because Movant has not made a substantial showing of the denial of a constitutional right.

Dated this 20th day of December, 2013.

Susan R. Bolton
United States District Judge